UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| RANDALL EUGENE LEDFORD, ) | |
| ) | |
| Plaintiff, ) | 2:24-CV-71 |
| ) | |
| vs. ) | |
| ) | |
| MIKE HENSLEY, et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff filed a pro se Complaint [Doc. 2] and an accompanying Motion [Doc. 1] to proceed *in forma pauperis*. On May 15, 2024, this Court granted Plaintiff's motion to proceed *in forma pauperis* and then undertook the initial screening of Plaintiff's complaint that is required when litigants are granted permission to proceed without prepayment of fees. [Doc. 4]. In doing so, the Court noted that Plaintiff had failed to provide a sufficient factual basis to support his claims but observed that he could potentially set forth colorable civil rights claims if he provided a more fully developed factual basis for those claims.

Given that Plaintiff was representing himself, the Court found it appropriate to provide him with an opportunity to file an amended complaint to address the noted deficiencies in his Complaint but required that any amended complaint be filed within forty-five days. Plaintiff has now filed an Amended Complaint [Doc. 6] and two supplements to the Amended Complaint [Docs. 7, 8]. The Court will consider these additional filings in screening Plaintiff's Amended Complaint [Doc. 6].

I.   FACTUAL ALLEGATIONS

In his Amended Complaint, Plaintiff alleges that he has been "blindsided" three times by Unicoi County Sheriff's Department ("UCSD") officers. [Doc. 6, p. 1]. He appears to assert that officers have used excessive force in arresting him, that he was falsely arrested, and that he was choked and beaten by an officer while he was in custody. *Id.* at 1-3. The first occasion on which Plaintiff alleges he was "blindsided" occurred "approx[imately] five years ago" when Defendant Jacob Marshall responded to a welfare check on Plaintiff. *Id.* at 1. Plaintiff alleges that he was standing by a creek on his farm when Defendant Marshall came up behind him and started beating him in the head after Plaintiff turned around. *Id.* Plaintiff further contends that Defendant Marshall knocked him to the ground, beat him in the head and stomach, and eventually arrested him on the charge of resisting arrest, although the charge was later dismissed. *Id.* at 1-2. Plaintiff claims that Defendant Marshall is a UCSD Deputy, and that Defendant Marshall violated his Fourth Amendment rights during this arrest. [Doc. 8, p. 1].

The second event Plaintiff describes allegedly occurred on November 16, 2021. Plaintiff advises that on that date, Defendant T. Atwood, a UCSD Corporal, responded to an alert that Plaintiff had called 911 nine times in one day. [Doc. 6, p. 2]. When Defendant Atwood arrived at Plaintiff's house, Plaintiff alleges that Defendant Atwood "blindsided" him from behind, broke his leg, and hog-tied him. *Id.* Plaintiff says that the third event occurred on April 18, 2023, at a Walmart located in Unicoi County, Tennessee. [Doc. 8, p. 2]. Plaintiff alleges that Defendant Amy Lamaa, the Walmart manager, called police officers to report that Plaintiff had been disruptive and threatening in the store on that day and several other occasions. [Doc. 6, p. 2]. Plaintiff admits that he was in the store on April 18, 2023, but denies being disruptive before, contending that he was confused with a different Randall Ledford. *Id.* at 2-3. Plaintiff does not describe any action taken

by officers that day, but he does include a police report showing that Defendant Aaron Embler was the arresting officer. [Doc. 7, p. 6-7, 31].

Finally, Plaintiff alleges that he was in jail for 31 days, during which Defendant Darrell Edwards choked and punched him while he was lying down. *Id.* at 3. He states that he lifted his leg to prevent Defendant Edwards from hitting him and ended up hitting Defendant Edwards in the nose, which resulted in Plaintiff being charged with assault. *Id.* It appears that Plaintiff was in custody pending trial during this time, because he later references a trial beginning in June of 2024. [Doc. 7, p. 29]. Finally, Plaintiff states that Defendant Mike Hensley did not allow him to make a phone call while in jail. [Doc. 6, p. 3]. Plaintiff does not include a request for relief in his Amended Complaint [Doc. 6] but previously requested $1 million in punitive damages and $1 million in compensatory damages in his Complaint [Doc. 2].

In addition to filing an Amended Complaint, Plaintiff attaches multiple letters from his family members further explaining his allegations. [Doc. 6, p. 4-5; Doc. 7, p. 22-26]. He also attaches police reports from his arrests on November 16, 2021, and April 18, 2023. [Doc. 6, p. 7; Doc. 7, p. 6-7, 31]. Additionally, he attaches information which appears to show that multiple people named "Randall Ledford" live in Unicoi, Tennessee and other parts of the United States. *See* [Doc. 6, p. 11-12; Doc. 7, p. 2-5, 8-21].

II.     **LEGAL ANALYSIS**

    a. *Leniency afforded to pro se litigants*

When a Plaintiff is proceeding *in forma pauperis,* applicable law directs the district court to dismiss the complaint if it is frivolous or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *see also Neitzke*, 490 U.S. 319. For that reason, in addition to addressing Plaintiff's request to proceed *in forma pauperis,* this Court will screen the amended

complaint, a process which involves analyzing whether Plaintiff's claim is frivolous and whether it properly states a claim upon which relief may be granted. In doing so, the Court will liberally construe Plaintiff's claims because he is proceeding pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Still, even under this lenient standard, a claim will be dismissed if it is frivolous, meaning it lacks "'an arguable basis either in law or fact.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke,* 490 U.S. at 325). For a complaint to survive the §1915 screening process, it "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Zelesnik v. GE Healthcare*, No. 1:18CV2443, 2018 WL 5808749, at *1 (N.D. Ohio Nov. 6, 2018) (quoting *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010)). The Court is not permitted to "conjure allegations on a litigant's behalf" to help a pro se litigant survive the §1915 screening process. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). This limitation helps courts avoid "'transform[ing] . . . from their legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies. . ..'" *Profitt v. Divine Sol.*, No. 3:10-CV-311-S, 2010 WL 2203310, at *1 (W.D. Ky. May 27, 2010) (quoting *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985)).

    b.   *Law governing civil rights violations*

Plaintiff appears to be suing a state law enforcement department, individual officers, and private parties under 42 U.S.C. § 1983, which permits suit against government officials for violations of rights under the Constitution or other laws. *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). Accordingly, the Court will begin its analysis by reviewing Plaintiff's allegations against the UCSD and its officers in conjunction with the requirements set forth in 42 U.S.C. § 1983. That Section creates a federal cause of action where a person acting under color of law causes a plaintiff to be deprived of "any rights, privileges, or immunities secured by the

Constitution and laws." To successfully pursue a § 1983 action, a plaintiff must demonstrate both that he or she was deprived of rights under the Constitution or other laws and that a defendant caused the deprivation while acting under color of law. *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding*, 241 F.3d at 532. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* (quoting *United States v. Classic,* 313 U.S. 299, 326 (1941)).

### c. *Statute of limitations*

The Court first observes that all of Plaintiff's claims other than his claim against Defendant Edwards are time-barred. Section 1983 does not contain a statute of limitations, and claims brought under the statute are governed by state law limitations periods. *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). In Tennessee, § 1983 claims must be brought within one year of the accrual of the cause of action. *Id.*; Tenn. Code Ann. § 28-3-104(a)(1)(B); *Irick v. Ray*, 628 F.3d 787, 789 (6th Cir. 2010). When a claim accrues under § 1983 is a question of federal law. *Wallace v. Kato*, 549 U.S. 384, 388, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007) (emphasis in original). In general, "[u]nder federal law, the limitations period begins to run when a plaintiff knew or should have known of the injury that forms the basis of the claim." *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007). Furthermore, "the statute of limitations commences to run when the injury occurs or is discovered, or *when in in the exercise of reasonable care and diligence, it should have been discovered.*" *Gilmore v. Davis*, 185 F. App'x 476, 481 (6th Cir. 2006) (emphasis in original) (quoting *McCroskey v. Bryant Air Conditioning Co.*, 524 S.W.2d 487, 494 (Tenn. 1975)); *see also Quality Auto Parts Co. v. Bluff City Buick Co.*, 876 S.W.2d 818, 820 (Tenn. 1994).

Specifically, claims for excessive force related to an arrest accrue on the date of the arrest. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007), *abrogated on other grounds by Pearson v. Callahan*, 555 U.S. 223, 227, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009); *see also York v. Fiddler*, No. 3:23-CV-00230, 2023 WL 3168570, *4 (M.D. Tenn. Apr. 28, 2023). As to an action regarding false arrest, the limitations period begins to run when the plaintiff "becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007); *see also CP ex rel. Powell v. Alcoa Police Dep't*, No. 3:10-CV-197, 2010 WL 2698290, at *2 (E.D. Tenn. July 6, 2010).

In this case, Plaintiff filed his original Complaint on May 2, 2024. He alleges that he was first subjected to excessive force approximately five years ago when he was beaten up while standing beside a creek on his property, meaning that he filed his complaint approximately four years late. While under certain circumstances a plaintiff could discover an injury more than a year after the alleged violation, claims for excessive force accrue on the date of the arrest. Plaintiff alleges that he was next subjected to excessive force on November 16, 2021, at which time he claims that his leg was broken and that he was hog-tied after being "blindsided." In this instance, he was required to file a complaint on or before November 16, 2022. Instead, he filed a complaint approximately one year and five months after the limitations period ran. Plaintiff's third allegation involving his arrest at a Walmart in Unicoi County occurred on April 18, 2023. While he provides few details of the incident, Plaintiff appears to assert a claim of false arrest arising from this event, meaning that the limitations period began to run when he became detained. Plaintiff alleges that he was arrested on April 18, 2023, and thus he was required to file a complaint on or before April 18, 2024. Instead, he filed his complaint the next month.

Finally, Plaintiff alleges that he was beaten by Defendant Edwards while in custody but does not provide a date on which that event occurred. He states that he was in custody for 31 days after his arrest, so that incident could have occurred anywhere from April 18 to May 19, 2023. Without more specific information, the Court cannot determine whether Plaintiff's claim against Defendant Edwards was timely filed, although it is possible that the claim was timely filed.

### d. Claim against Defendant Darrell Edwards

For the sake of judicial economy, the Court will consider whether Plaintiff has stated a claim for relief against Defendant Edwards in the event that the claim was timely filed. Plaintiff appears to assert an excessive force claim against Defendant Edwards for an attack that occurred while Plaintiff was in custody pending trial. "To prevail on an excessive force claim, a pretrial detainee must show 'that the force purposely or knowingly used against him was objectively unreasonable.'" *Cretacci v. Call*, 988 F.3d 860, 869 (6th Cir. 2021) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397, 135 S.Ct. 2466, 192 L.Ed.2d 416 (2015)). "A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Kingsley*, 576 U.S. at 397 (quoting *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)).[1] Here, Plaintiff has not provided enough information about the alleged attack by Defendant Edwards to allow the Court to analyze whether he has properly stated an excessive force claim. Given the lack of factual development and the fact that Plaintiff has not provided a date on which this alleged incident occurred, despite him being provided with the opportunity to file an amended complaint, the Court cannot find that Plaintiff has stated a claim for relief against Defendant Edwards at this juncture.

---

[1] If Plaintiff was in custody after being convicted of a crime rather than pending trial, his excessive force claim would be analyzed under the Eighth Amendment's ban on cruel and unusual punishment, which requires a further inquiry into the officer's subjective state of mind. *Graham*, 490 U.S. at 398. Plaintiff has not alleged any facts which would indicate to the Court that it is appropriate to analyze his excessive force claim under this standard.

### e. *Claim against Defendant Mike Hensley*

Plaintiff additionally alleges that Defendant Mike Hensley denied him the right to make a phone call while in custody. Plaintiff does not provide any factual development for this allegation, leaving the Court unable to determine whether any of Plaintiff's constitutional rights were violated. However, the Court notes that an inmate "has no right to unlimited telephone use." *Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994) (quoting *Benzel v. Grammer*, 869 F.2d 1105, 1108 (8th Cir.), *cert. denied*, 493 U.S. 895, 110 S.Ct. 244, 107 L.Ed.2d 194 (1989)). Instead, telephone access is subject to rational limitations determined by prison administrators. *Id.*; *see also Tanney v. Boles*, 400 F. Supp. 2d 1027, 1040-41 (E.D. Mich. 2005). Given this legal framework and without further factual development, the Court cannot find that Plaintiff has stated a claim against Defendant Hensley and must recommend dismissal of Plaintiff's claim against him.

### f. *Claim against Defendants Amy Lamaa and Walmart Unicoi*

The Court further observes that in alleging his civil rights have been violated, Plaintiff has asserted claims against both law enforcement officers and private parties. A private actor may be liable under § 1983 if his or her conduct is fairly attributable to the state. *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). Furnishing information to the police generally does not constitute state action which would expose a private citizen to § 1983 liability. *Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009). In this case, Plaintiff has named the Walmart store located in Unicoi County and its manager, Amy Lamaa, as defendants. In asserting claims against these defendants, Plaintiff has not described how they may have acted in concert with law enforcement officers or otherwise engaged in conduct which could be attributed to the state. He has merely alleged that Defendant Lamaa called the police on April 18, 2023, to report that he had been disruptive in the store but falsely, and during the conversation falsely stated that Plaintiff had

been disruptive in the store previously. Even if Defendant Lamaa did incorrectly identify Plaintiff as someone who had been disruptive on multiple occasions, the police report Plaintiff includes with his Amended Complaint makes it clear that he was being arrested for his actions on April 18, 2023, and there is no indication that Defendant Lamaa or anyone else at the Walmart store improperly influenced police officers. *See* [Doc. 7, p. 31]. As such, the Court cannot find that Defendant Lamaa's actions or any action taken by Walmart rise to the level of being attributable to the state and, in turn, must recommend dismissal of Plaintiff's claims against these defendants.

   III.   **CONCLUSION**

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's claims against Defendants Mike Hensley, Walmart Unicoi, Aaron Embler, Jacob Marshall, T Atwood, Unicoi County Sheriff's Department, and Amy Lamaa be **DISMISSED with prejudice** because his claims against those defendants are time-barred, and no amendment Plaintiff could offer to his pleadings would be sufficient to set forth a claim upon which relief could be granted. However, the Court further **RECOMMENDS** that Plaintiff's claim against Defendant Darrell Edwards be **DISMISSED without prejudice** for failure to state a claim on which relief can be granted given that he failed to provide sufficient detail to assert a colorable claim against this defendant, even after being provided with the opportunity to amend his complaint. At the same time, the bare-bones allegations contained in Plaintiff's Amended Complaint reflect that Plaintiff could still potentially assert a proper claim for relief which would not be time-barred.

This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 195 F.2d at 263, wherein the Court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.[2]

Respectfully submitted,

/s/Cynthia Richardson Wyrick
United States Magistrate Judge

---

[2] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).